# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
APRIL 2026 01379
E-Filing Number: 2604024611

| | |
|---|---|
| PLAINTIFF'S NAME<br>CRYSTALE CONQUEST | DEFENDANT'S NAME<br>TARGET CORPORATION D/B/A TARGET |
| PLAINTIFF'S ADDRESS<br>8222 CEDARBROOK AVENUE<br>PHILADELPHIA PA 19150 | DEFENDANT'S ADDRESS<br>600 N. 2ND STREET SUITE 401<br>HARRISBURG PA 17101 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>PIZZA HUT OF AMERICA, LLC |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>7100 CORPORATE DRIVE<br>PLANO TX 75024 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>ICEE-USA. CORPORATION |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>1515 MARKET STREET SUITE 1210<br>PHILADELPHIA PA 19102 |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NUMBER OF DEFENDANTS: 7

COMMENCEMENT OF ACTION
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [x] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE
20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
APR 10 2026
G. IMPERATO

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CRYSTALE CONQUEST
Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>LIAM OBRIEN | ADDRESS<br>500 COTTMAN AVENUE<br>CHELTENHAM PA 19012 |
| PHONE NUMBER<br>(215)663-0400<br>FAX NUMBER<br>(215)663-9112 | |
| SUPREME COURT IDENTIFICATION NO.<br>335523 | E-MAIL ADDRESS<br>lobrien@stamponelaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*LIAM OBRIEN* | DATE SUBMITTED<br>Friday, April 10, 2026, 10:59 am |

**COMPLETE LIST OF DEFENDANTS:**

1. TARGET CORPORATION D/B/A TARGET
   600 N. 2ND STREET SUITE 401
   HARRISBURG PA 17101
2. PIZZA HUT OF AMERICA, LLC
   7100 CORPORATE DRIVE
   PLANO TX 75024
3. ICEE-USA. CORPORATION
   1515 MARKET STREET SUITE 1210
   PHILADELPHIA PA 19102
4. J&J SNACK FOODS CORPORATION
   350 FELLOWSHIP ROAD
   MOUNT LAUREL NJ 08054
5. DOE JOHN/JANE
   UNKNOWN
   PHILADELPHIA PA 19000
6. ABC CORP. 1-10
   UNKNOWN
   PHILADELPHIA PA 19000
7. XYZ CORP. 1-10
   UNKNOWN
   PHILADELPHIA PA 19000

**STAMPONE O'BRIEN DILSHEIMER HOLLOWAY**
BY: LIAM M O'BRIEN, ESQUIRE
Attorney I.D. No. 335523
500 Cottman Avenue
Cheltenham, PA 19012
(215) 663-0400
*Attorneys for Plaintiff*

Filed and Attested by the Office of Judicial Records 10 APR 2026 10:59 am IMPERATO

**THIS IS A MAJOR CASE**

**JURY TRIAL DEMANDED**

| | |
|---|---|
| CRYSTALE CONQUEST<br>8222 Cedarbrook Avenue<br>Philadelphia, PA 19150 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | |
| TARGET CORPORATION d/b/a TARGET<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA 17101 | NO. |
| and | |
| PIZZA HUT OF AMERICA, LLC<br>7100 Corporate Drive<br>Plano, TX 75024-4100 | |
| and | |
| ICEE-USA. CORPORATION<br>1515 Market Street, Suite 1210<br>Philadelphia, PA 19102 | |
| and | |
| J&J SNACK FOODS CORPORATION<br>350 Fellowship Road<br>Mount Laurel. NJ 08054 | |
| and | |
| JOHN/JANE DOE 1-10<br>(Any individual that was responsible for inspection, repair, and/or maintenance of the subject machine.) | |
| and | |

ABC CORP. 1-10 :
(Any corporation or other business entity :
that was responsible for inspection, repair, :
and/or maintenance of the subject machine.) :

and :

XYZ CORP. 1-10 :
(Any corporation or other business entity :
that manufactured, assembled, installed, :
owned, leased, and/or controlled the subject :
machine.) :

| "NOTICE | "AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701" | "Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta demanda y la notificatión para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.<br><br>USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.<br><br>SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.<br><br>ASSOCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICO DE REFERENCA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Telefono: (215) 238-1701" |

## COMPLAINT IN A CIVIL ACTION

1. This personal injury matter arises from an incident on April 13, 2024, when a large, heavy metal component detached from a soda machine inside a Target store and struck the plaintiff, Crystale Conquest, on her head resulting in serious injuries and damages described at length below.

2. Plaintiff, Crystale Conquest, is an adult individual and a citizen of the Commonwealth of Pennsylvania, residing therein at 8222 Cedarbrook Avenue, Philadelphia, PA 19150.

3. Defendant, Target Corporation d/b/a Target ("Target"), is a Minnesota corporation with a registered agent located at 600 N. 2nd Street, Suite 401, Harrisburg, PA 17101.

4. At all relevant times, Defendant Target, owned and operated the store at 2450 Shoppers Lane, Wyncote, PA 19095, where the incident occurred.

5. At all times relevant hereto, Defendant, Target, regularly conducted business in the City and County of Philadelphia, including at 7400 Bustleton Avenue, Philadelphia, PA 19152, 7162 Ridge Avenue, Philadelphia, PA 19128, 11000 Roosevelt Blvd Suite 3, Philadelphia, PA 19116 and 2701 Castor Avenue, Philadelphia, PA 19134; there are approximately 10 Target stores located within Philadelphia County.

6. Defendant, Pizza Hut of America, LLC. ("Pizza Hut"), is a Delaware limited liability company with its principal place of business located at 7100 Corporate Drive, Plano, TX 75024-4100.

7. At all times relevant hereto, Defendant, Pizza Hut, regularly conducted business in the City and County of Philadelphia, including at 4501 Castor Avenue, Philadelphia, PA 19124, 8001 Castor Avenue, Philadelphia, PA 19152, and 1400 Stenton Avenue, Philadelphia, PA 19141; there are approximately 9 Pizza Hut stores located within Philadelphia County.

8. Defendant, ICEE-USA Corp. ("ICEE"), is a New Jersey Corporation with a registered agent located at 1515 Market Street, Suite 1210, Philadelphia, PA 19102.

9. Upon information and belief, at all relevant times Defendant ICEE regularly conducted business in the City and County of Philadelphia, including at 2701 Castor Avenue, Philadelphia, PA 19134.

10. Defendant, J&J Snack Food Corporation ("J&J"), is a New Jersey corporation with its principal place of business at 350 Fellowship Road, Mount Laurel. NJ 08054 and a registered agent located at 1515 Market Street, Suite 1210, Philadelphia, PA 19102.

11. Upon information and belief, at all relevant times Defendant J&J regularly conducted business in the City and County of Philadelphia, including at 2701 Castor Avenue, Philadelphia, PA 19134.

12. Defendant, John/Jane Doe 1-10, is alleged and averred to be any person responsible for inspection, repair, and/or maintenance of the incident soda machine located inside of the Target store at 2450 Shoppers Lane, Wyncote, PA 19095; the exact name of said Defendant(s) is currently unknown, and Plaintiff reserves the right to amend this complaint as a result of pleading such fictious parties pursuant to Pa. R.C.P. 2005.

13. Defendant, ABC Corp. 1-10, is alleged and averred to be any entity responsible for inspection, repair, and/or maintenance of the soda mountain machine located inside of the Target store at 2450 Shoppers Lane, Wyncote, PA 19095; the exact name of said Defendant(s) is currently unknown, and Plaintiffs reserve the right to amend this complaint as a result of pleading such fictious parties pursuant to Pa. R.C.P. 2005.

14. Defendant, XYZ Corp. 1-10, is alleged and averred to be any entity that manufactured, assembled, installed, owned, leased, controlled, or was otherwise responsible for the incident soda machine located inside of the Target store at 2450 Shoppers Lane, Wyncote, PA

19095; the exact name of said Defendant(s) is currently unknown, and Plaintiffs reserve the right to amend this complaint as a result of pleading such fictious parties pursuant to Pa. R.C.P. 2005.

15. Upon learning the true identity of Defendants, John/Jane Doe 1-10, ABC Corp. 1-10 and XYZ Corp. 1-10, they will be joined by Plaintiff through the permissive joinder rules pursuant to Pa. R.C.P. 2252(a)(1)-(2), unless joined earlier by other Defendants.

16. On or about April 13, 2024, Plaintiff, Crystale Conquest, was a business invitee shopping at the Target store located at 2450 Shoppers Lane, Wyncote, PA 19095.

17. Plaintiff walked to the Pizza Hut located inside the Target and, after being informed that no pizza was available, began to walk away when, suddenly and without warning, a large, heavy component of a soda machine—depicted in the image below—fell and struck the top of her head, causing the serious injuries and damages described below.



*(Photograph depicting the heavy metal lid that struck Plaintiff in the head).*

18. At all times relevant hereto, the Defendants, jointly and or severally, owned, leased, manufactured, assembled, installed, managed, possessed, controlled or were otherwise responsible for the maintenance, repair, and safety of the premises located at 2450 Shoppers Lane, Wyncote, PA 19095, including the incident soda machine.

19. This accident resulted solely from the negligence and carelessness of the Defendants, their agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

20. As a result of the aforesaid accident, the Plaintiff, Crystale Conquest, has suffered injuries which are serious and permanent in nature, including, but not limited to: concussion and post-concussion syndrome with confusion, nausea, migraine headaches, dizziness, light sensitivity, noise sensitivity, light-headedness, speech impairment, behavioral changes, vision impairment, difficult focusing and concentrating, and other cognitive impairments; T2 hyperintensity; mild Parenchymal volume loss; contusions, lacerations and abrasions over various portions of her body; post traumatic anxiety and depression; severe damage to her nerves and nervous system; and various other ills and injuries which the Plaintiff yet suffers and may continue to suffer for an indefinite time into the future.

21. As a direct and proximate result of the negligence and careless conduct of the one or more of the defendants, jointly and or severally, Plaintiff, Crystale Conquest, has been obliged to receive and undergo medical attention and care and to incur various and diverse expenses, all of which the Plaintiff may continue to expend and incur for an indefinite time into the future.

22. As a direct and proximate result of the negligence and careless conduct of the one or more of the defendants, jointly and or severally, the Plaintiff, Crystale Conquest, has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

23. As a direct and proximate result of the negligence and careless conduct of the one or more of the defendants, jointly and or severally, the Plaintiff, Crystale Conquest, has suffered a diminution in her ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

24. As a direct and proximate result of the negligence and careless conduct of the one or more of the defendants, jointly and or severally, the Plaintiff, Crystale Conquest, has or may suffer a loss of her earnings and impairment of her earning capacity and power, all of which may continue for an indefinite time into the future.

**COUNT I**
**PLAINTIFF V. TARGET CORPORATION D/B/A TARGET, PIZZA HUT OF AMERICA, LLC, ICEE-USA, CORPORATION, J&J SNACK FOODS CORPORATION, JOHN/JANE DOE 1-10, AND ABC CORP. 1-10**

25. Plaintiff hereby incorporates the preceding paragraphs by reference, as if the same were herein set forth at length.

26. At all times relevant hereto, Defendants, Target, Pizza Hut, ICEE, J&J, John/Jane Doe 1-10, and ABC Corp. 1-10, jointly and or severally, owned, managed, possessed, leased, controlled or were otherwise responsible for the maintenance, repair, and safety of the premises located at 2450 Shoppers Lane, Wyncote, PA 19095, including the incident soda machine.

27. At all times relevant hereto, Defendants, Target, Pizza Hut, ICEE, J&J, John/Jane Doe 1-10, and ABC Corp. 1-10, owed a duty to the Plaintiff, a business invitee, to inspect and maintain the premises, including the incident soda machine, in a reasonable safe condition, which they violated when suddenly and without warning, a large, heavy component of the machine detached, fell, and struck the Plaintiff on the top of her head.

28. The negligence and carelessness of the Defendants, Target, Pizza Hut, ICEE, J&J, John/Jane Doe 1-10, and ABC Corp. 1-10, their agents, servants, workmen and/or employees, consists of, but is not limited to, the following:

a. creating a hazard for the Plaintiff;

b. permitting the premises, including the incident soda machine, to become and remain defective so as to constitute a menace, danger, nuisance and/or trap to persons lawfully upon said premises;

c. failure to inspect;

d. failure to properly maintain and service the incident machine;

e. failure to repair or replace worn, damaged, or defective equipment parts;

f. failure to remove the incident machine from service despite actual or constructive knowledge of a defect;

g. failure to correct a condition that Defendants knew or should have known posed an unreasonable risk of harm;

h. permitting the use of unsafe, defective, or improperly assembled equipment on the premises;

i. failure to adequately supervise, train, and/or monitor employees responsible for maintaining or inspecting equipment;

j. failure to ensure third-party vendors responsible for installation, maintenance, or repair performed their duties in a safe and reasonable manner;

k. failure to properly secure or safeguard overhead or detachable components;

l. failure to implement a policy of inspection;

m. failure to warn persons lawfully on said premises of the dangerous conditions existing thereon;

n. allowing the defective condition to exist and remain on said premises;

o. creating a trap or nuisance;

p. creating a dangerous condition;

q. disregarding the rights and safety of the Plaintiff and other persons lawfully upon said premises;

r. failure to use due care under the circumstances;

29. The negligence and carelessness of the Defendants, their agents, servants, workmen and/or employees, as set forth herein, was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Crystale Conquest, demands judgment against the Defendants, Target, Pizza Hut, ICEE, J&J, John/Jane Doe 1-10, and ABC Corp. 1-10, their agents, servants, workmen and/or employees, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT II**
**PLAINTIFF V. XYZ CORP. 1-10**

30. Plaintiff hereby incorporates the preceding paragraphs by reference, as if the same were herein set forth at length.

31. At all times relevant hereto, Defendants, XYZ Corp. 1-10, jointly and or severally manufactured, assembled, installed, owned, leased, controlled or were otherwise responsible for the maintenance, repair, and safety of the incident soda machine.

32. At all relevant times, Defendants, XYZ Corp. 1–10, owed a duty to Plaintiff, a business invitee at the Target store where their equipment was installed, to provide and maintain the soda machine in a reasonably safe and proper working condition, which they breached when, suddenly and without warning, a large, heavy component of the machine became detached and fell, striking Plaintiff on the top of her head

33. The negligence and carelessness of the Defendants, XYZ Corp. 1-10, their agents, servants, workmen and/or employees, consists of, but is not limited to, the following:

a. creating a hazard for the Plaintiff;

b. failure to inspect;

c. failure to properly maintain and service the incident machine;

d. failure to remove the incident machine from service despite actual or constructive knowledge of a defect;

e. failure to adequately manufacture, assemble, or install the incident soda machine or its component parts;

f. failure to ensure all of the machine's component parts were properly fastened, tightened, and secured;

g. manufacturing and/or assembling the incident soda machine in a careless and defective manner;

h. failure to provide adequate warnings regarding the risk of component detachment or failure;

i. failure to warn of the dangers associated with misuse or wear and tear;

j. placing a defective and unreasonably dangerous product into the stream of commerce;

k. failure to identify and correct defects in design or manufacture

l. failure to conduct sufficient safety and durability testing;

m. failure to adequately supervise, train, and/or monitor employees responsible for manufacturing, assembling, or installing the incident soda machine;

n. failure to properly secure or safeguard overhead or detachable components;

o. failure to implement a policy of inspection;

p. failure to warn persons lawfully on said premises of the dangerous conditions existing thereon;

q. allowing the defective condition to exist and remain om said premises;

r. creating a trap or nuisance;

s. creating a dangerous condition;

t. disregarding the rights and safety of the Plaintiff and other persons lawfully upon said premises;

u. failure to use due care under the circumstances;

34. The negligence and carelessness of the Defendants, XYZ Corp. 1-10, their agents, servants, workmen and/or employees, as set forth herein, was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Crystale Conquest, demands judgment against the Defendants, XYZ Corp. 1-10, their agents, servants, workmen and/or employees, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

Respectfully submitted,

**STAMPONE O'BRIEN DILSHEIMER HOLLOWAY**

BY: Liam M. O'Brien
LIAM M. O'BRIEN, ESQUIRE
*Attorney for Plaintiff*

Dated: April 9, 2026

Docusign Envelope ID: 80272308-FC85-466B-8920-99DAF72FB671

**VERIFICATION**

Crystale Conquest states that she is the Plaintiff in the within action and that the statements made in the foregoing pleading are true and correct to the best of her knowledge, information and belief, and acknowledges that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

4/9/2026

Date

DocuSigned by:

96DBD4BDAEE74AA

CRYSTALE CONQUEST